IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

SHIRLEY RUTH                                                                                    PLAINTIFF

v.                                    CIVIL NO. 25-4016

FRANK BISIGNANO, Commissioner
Social Security Administration                                                                  DEFENDANT

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, Shirley Ruth, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying her claims for a period of disability and disability insurance benefits (DIB) under the provisions of Title II of the Social Security Act (Act).  In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. *See* 42 U.S.C. § 405(g).

**I.      Procedural Background:**

Plaintiff protectively filed her current application for DIB on February 22, 2021, alleging an inability to work since January 27, 2021, due to fibromyalgia, hypothyroidism, osteoarthritis, high blood pressure, carpal tunnel syndrome, degenerative disc disease, gastritis, shoulder pain, hip pain, and feet pain.  (Tr. 98, 167).  An administrative video hearing was held on December 19, 2023, at which Plaintiff, after being informed of her right to representation, testified without the assistance of a representative. (Tr. 76-96)

By written decision dated April 5, 2024, the ALJ found that during the relevant time period, Plaintiff had an impairment or combination of impairments that were severe. (Tr. 14).  Specifically,

the ALJ found Plaintiff had the following severe impairments: obesity, fibromyalgia, hypertension, bilateral carpal tunnel syndrome, degenerative disc disease of the lumbar spine, osteoarthritis of the left hip, epicondylitis of the left elbow, and tendinosis of the right shoulder. However, after reviewing all of the evidence presented, the ALJ determined that Plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Tr. 14). The ALJ found Plaintiff retained the residual functional capacity (RFC) to:

> [P]erform light work as defined in 20 CFR 404.1567(b) except that she has been incapable of climbing ladders, ropes, or scaffolds, as well as limited to stooping and climbing ramps and stairs frequently and balancing, kneeling, crouching, and crawling occasionally. She has been limited to reaching, fingering, feeling, and handling frequently with her bilateral upper extremities. The claimant has needed to avoid all exposure to workplace hazards, such as unprotected heights and moving mechanical parts.

(Tr. 16). With the help of a vocational expert, the ALJ determined Plaintiff could perform work as a cafeteria attendant, a housekeeping cleaner, and a blood unit donor assistant.

Plaintiff then requested a review of the hearing decision by the Appeals Council, who denied that request on January 28, 2025. (Tr. 1-5). Subsequently, Plaintiff filed this action. (ECF No. 2). Both parties have filed appeal briefs, and the case is before the undersigned for report and recommendation. (ECF Nos. 9, 16).

The Court has reviewed the entire transcript. The complete set of facts and arguments are presented in the parties' briefs and are repeated here only to the extent necessary.

## II.　Applicable Law:

The court reviews "the ALJ's decision to deny disability insurance benefits *de novo* to ensure that there was no legal error that the findings of fact are supported by substantial evidence on the record as a whole." *Brown v. Colvin,* 825 F. 3d 936, 939 (8th Cir. 2016). Substantial

evidence is less than a preponderance, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *Biestek v. Berryhill*, 139 S.Ct. 1148, 1154 (2019). We must affirm the ALJ's decision if the record contains substantial evidence to support it. *Lawson v. Colvin*, 807 F.3d 962, 964 (8th Cir. 2015). As long as there is substantial evidence in the record that supports the Commissioner's decision, the court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the court would have decided the case differently. *Miller v. Colvin*, 784 F.3d 472, 477 (8th Cir. 2015). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the court must affirm the ALJ's decision. *Id*.

It is well established that a claimant for Social Security disability benefits has the burden of proving her disability by establishing a physical or mental disability that has lasted at least one year and that prevents her from engaging in any substantial gainful activity. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir. 2001); *see also* 42 U.S.C. § 423(d)(1)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3). A Plaintiff must show that her disability, not simply her impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require him to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing her claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past

relevant work; and, (5) whether the claimant is able to perform other work in the national economy given her age, education, and experience. *See* 20 C.F.R. § 404.1520. Only if the final stage is reached does the fact finder consider the Plaintiff's age, education, and work experience in light of her residual functional capacity. *See McCoy v. Schweiker*, 683 F.2d 1138, 1141-42 (8th Cir. 1982), *abrogated on other grounds by Higgins v. Apfel*, 222 F.3d 504, 505 (8th Cir. 2000); 20 C.F.R. § 404.1520.

### III. Discussion:

In her appeal brief, Plaintiff claims the ALJ's decision is not supported by substantial evidence in the record. (ECF No. 9). Specifically, Plaintiff raises the following arguments for reversal: A) The ALJ ignored the clear directives of *Polaski* and discounted her subjective allegations because there were not supported by her medical records; and B) The ALJ's RFC determination is not supported by substantial evidence in the record. *Id*. Upon review, the Court finds the ALJ did not fully consider Plaintiffs' subjective allegations when evaluating her disability. Accordingly, the Court will only address this issue on reversal.

In assessing the subjective allegations of a claimant, the ALJ is required to examine and to apply the five factors from *Polaski v. Heckler*, 739 F.2d 1320 (8th Cir. 1984) or from 20 C.F.R. § 404.1529. *See Shultz v. Astrue*, 479 F.3d 979, 983 (8th Cir. 2007). The factors to consider are as follows: (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the pain; (3) the precipitating and aggravating factors; (4) the dosage, effectiveness, and side effects of medication; and (5) the functional restrictions. *See Polaski*, 739 at 1322.

The factors must be analyzed and considered in light of the claimant's subjective allegations of pain. *See Id*. The ALJ is not required to methodically discuss each factor as long as the ALJ acknowledges and examines these factors prior to discounting the claimant's subjective

4

allegations. *See Lowe v. Apfel*, 226 F.3d 969, 971-72 (8th Cir. 2000). As long as the ALJ properly applies these five factors and gives several valid reasons for finding that the claimant's subjective allegations are not entirely valid, the ALJ's determination is entitled to deference. *See Id.*; *Cox v. Barnhart*, 471 F.3d 902, 907 (8th Cir. 2006). The ALJ, however, cannot discount a claimant's subjective allegations "solely because the objective medical evidence does not fully support them [the subjective allegations]." *Polaski*, 739 F.2d at 1322.

When discounting a claimant's allegation of pain, the ALJ must make a specific evaluation of a claimant's subjective allegations, articulating the reason for discrediting the testimony, addressing inconsistencies, and discussing the *Polaski* factors. *See Baker v. Apfel*, 159 F.3d 1140, 1144 (8th Cir. 1998). The inability to work without some pain or discomfort is not a sufficient reason to find a claimant disabled within the strict definition of the Act. The issue is not the existence of pain, but whether the pain a claimant experiences precludes the performance of substantial gainful activity. *See Thomas v. Sullivan*, 928 F.2d 255, 259 (8th Cir. 1991).

In the present action, the Court finds the ALJ did not provide sufficient reasons for discounting Plaintiff's subjective allegations. In his opinion, the ALJ discounted Plaintiff's subjective allegations for the following reasons:

> After careful consideration of the evidence, I find that the claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medial evidence and other evidence in the record for the reasons explained in this decision.

(Tr. 17). While the ALJ referenced "other evidence," with the exception of discussing Plaintiff's alleged occasional need to use a cane, he did not provide what that "other evidence" was and failed to address Plaintiff's reports of excessive fatigue and pain. *Guilliams v. Barnhart*, 393 F.3d 798,

5

802 (8th Cir. 2005) (in rejecting claimant's complaints of pain as not credible, the court expects the ALJ to detail reasons for discrediting testimony and set forth inconsistencies found).

Based upon this review, the Court finds the ALJ's assessment of Plaintiff's subjective allegations was improper. Accordingly, because the ALJ provided an insufficient basis for discounting Plaintiff's subjective allegations during the relevant time period, this case must be reversed and remanded.

### IV. Conclusion:

Based on the foregoing, the undersigned recommends reversing the decision of the ALJ and remanding this case to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g). **The parties have fourteen days from receipt of our report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 20th day of August 2025.

/s/ *Christy Comstock*
CHRISTY COMSTOCK
UNITED STATES MAGISTRATE JUDGE